FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 19 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

JOSEPH ANDERSON, AN INFANT UNDER THE AGE
OF 18, BY HIS MOTHER AND NATURAL GUARDIAN,
JESSICA ANDERSON

Plaintiff,

vs.

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DEPARTMENT OF EDUCATION
AND INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY EMPLOYEES AND POLICE OFFICERS
OF THE NEW YORK CITY POLICE DEPARTMENT
AND EMPLOYEES OF THE CITY OF NEW YORK
DEPARTMENT OF EDUCATION
AND OTHER KNOWN AND UNKNOWN
LAW ENFORCEMENT AGENTS FOR THE
CITY OF NEW YORK
-------------------------------------------------------

CIVIL ACTION NO.:

JURY TRIAL DEMAND

COMPLAINT

SUMMONS ISSUED

BLOCK, J.

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon U.S.C. § 1331 and 1343(1)(3)(4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims rising under State law.

### PARTIES

2. Plaintiff is a resident of New York City.

3. Defendant City of New York is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department and Department of Education which employs known and unknown police officers of the City of New York and known and unknown employees of the Department of Education. Defendant known and unknown police officers and Law Enforcement Agents were at all times relevant to this action police officers and employees of the City of New York who acted under color of State law. Upon information and belief all unknown individuals are police officers of the New York City Police Department and employees of the New York City Police Department and the Department of Education and are being sued in both their individual and official capacities.

## FIRST CAUSE OF ACTION

4. On or about April 13, 2011, at Queens Public School 153, located at 6002 60th Lane, Queens, New York 11385, Plaintiff infant Joseph Anderson was arrested by New York City Police Officers and employees with the help of employees of the Department of Education while in attendance at P.S. 153. Joseph Anderson was arrested because he became upset when the Easter egg he was painting was not to his liking. Joseph Anderson was seven years old on the date of this incident. Consequently, Joseph Anderson was PLACED IN HANDCUFFS and taken to Elmhurst Hospital Center. While being taken to the Hospital, Joseph Anderson was threatened with being stabbed with a needle if he did not shut up.

The handcuffs used on Plaintiff Joseph Anderson were metal handcuffs fastened behind his back which caused severe pain to the Plaintiff. On information and belief, after being handcuffed, the Plaintiff Joseph Anderson was walked through the school in front of his

classmates.

5. As a result of this unjustified, excessive and outrageous force on a defenseless child of only 7 years old, Plaintiff Joseph Anderson suffered severe physical and emotional and psychological injuries resulting from false arrest, illegal seizure, illegal search, malicious prosecution, excessive use of force, assault, battery, false imprisonment and deprivation of constitutional rights.

6. As a result of this unjustified attack the Plaintiff Joseph Anderson suffered severe humiliation, embarrassment and severe emotional distress.

7. At no time did the Plaintiff commit any offenses against the People and State of New York. At no time did the Plaintiff strike, attempt to strike or intend to strike defendant New York City police officers or other employees and Law Enforcement Agents of the Department of Education or New York City Police Department. At no time did the Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of Defendants.

8. As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries, including but not limited to his body, some or all of which may be permanent.

9. As a direct and proximate result of defendant's actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

9. As a direct and proximate result of defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

10. Defendant City of New York as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, Law Enforcement Agents and other employees concerning the rights of citizens, thereby causing the Defendant officers and others in this case to engage in the unlawful conduct described above.

11. Defendant City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and law enforcement agents , including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct. Moreover, Defendant, City of New York has a history of police brutality and violation of individual rights and is or should be aware of the need to take such actions as are necessary to prevent a violation of individual rights from occurring.

12. Defendant, City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and law enforcement agents including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of people by other police officers and law enforcement agents , thereby causing and encouraging the police including Defendants in this case, to engage in unlawful conduct.

13. The actions of Defendants, acting under color of State law, deprived Plaintiff Joseph Anderson of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be secure in his person and property, to be free from the excessive use of force and from false arrest, wrongful imprisonment, assault and battery, and to be free from Defendant's negligence, gross negligence and negligent hiring and supervision and to due process.

14. By these actions Defendants deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

15. Plaintiff hereby realleges paragraph one through fourteen of this complaint as though fully set forth herein.

16. The acts and conduct of the Defendants alleged in the above stated cause of action constitute assault and battery, false arrest, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence and negligent hiring, retention and supervision under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said claims.

WHEREFORE PLAINTIFFS request the following relief:

a. Compensatory damages of $2,000,000 dollars.

b. Punitive damages of $4,000,000 dollars.

c. Reasonable Attorney fees and costs; and

d. Such other and further relief as to this Court appears reasonable and just.

_____
ROBERT E. NICHOLSON

_____
FREDERIC A. NICHOLSON

ATTORNEYS FOR PLAINTIFFS

DATED: SEPTEMBER 6, 2011

I, Jessica Anderson, natural guardian of plaintiff Joseph Anderson state on information and belief that the within complaint is true to the best of my knowledge.

_____
JESSICA ANDERSON

DATED: SEPTEMBER 7, 2011

EVELISE RODRIGUEZ
Commissioner of Deeds
City of New York, No. 2-12636
Qualified in New York County
Commission Expires July 01, 2012