AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
for the

Joseph Anderson, an infant under the Age of 18 by his mother and Natural Guardian, Jessica Anderson

*Plaintiff*

v.

City of New York, et al

*Defendant*

Civil Action No. CV11-4533

BLOCK, J.

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* City of New York, NYC Police Department, Department of Education, and individually and in their official capacity employees and police officers of NYC Police Department and employees of City of New York, known and unknown

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ROBERT C. HEINEMANN

CLERK OF COURT

SEP 19 2011

Date: _____

*Signature of Clerk or Deputy Clerk*  Elizabeth Goddard

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Joseph Anderson, an infant
under the Age of 18 by his
mother and Natural Guardian, Jessica Anderson

_Plaintiff_

v.   Civil Action No.

City of New York, et al

**BLOCK, J.**

_Defendant_

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ City of New York, NYC Police Department, Department of Education, and individually and in their official capacity employees and police officers of NYC Police Department and employees of City of New York, known and unknown

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**ROBERT C. HEINEMANN**

SEP 19 2011

CLERK OF COURT

Date: _____

_Elizabeth Goddard_
_Signature of Clerk or Deputy Clerk_

## I. (a) PLAINTIFFS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause: Arrest of 7 year old child

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE None   DOCKET NUMBER

DATE 9/6/11   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT

_____
                                        )
                                        )
                                        )
                                        )
              Plaintiff                 )
                                        )
         v.                             )   Civil Action No.
                                        )
_____ )
                                        )
              Defendant                 )

SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* City of New York, NYC Police Department, Department of Education, and individually and in their official capacity employees and police officers of NYC Police Department and employees of City of New York, known and unknown

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____          _____
                                         *Signature of Clerk or Deputy Clerk*

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 19 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JOSEPH ANDERSON, AN INFANT UNDER THE AGE OF 18, BY HIS MOTHER AND NATURAL GUARDIAN, JESSICA ANDERSON

Plaintiff,

vs.

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DEPARTMENT OF EDUCATION AND INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY EMPLOYEES AND POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT AND EMPLOYEES OF THE CITY OF NEW YORK DEPARTMENT OF EDUCATION AND OTHER KNOWN AND UNKNOWN LAW ENFORCEMENT AGENTS FOR THE CITY OF NEW YORK

---

CIVIL ACTION NO.:

JURY TRIAL DEMAND

COMPLAINT

BLOCK, J.

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon U.S.C. § 1331 and 1343(1)(3)(4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims rising under State law.

### PARTIES

2. Plaintiff is a resident of New York City.

3. Defendant City of New York is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department and Department of Education which employs known and unknown police officers of the City of New York and known and unknown employees of the Department of Education. Defendant known and unknown police officers and Law Enforcement Agents were at all times relevant to this action police officers and employees of the City of New York who acted under color of State law. Upon information and belief all unknown individuals are police officers of the New York City Police Department and employees of the New York City Police Department and the Department of Education and are being sued in both their individual and official capacities.

## FIRST CAUSE OF ACTION

4. On or about April 13, 2011, at Queens Public School 153, located at 6002 60th Lane, Queens, New York 11385, Plaintiff infant Joseph Anderson was arrested by New York City Police Officers and employees with the help of employees of the Department of Education while in attendance at P.S. 153. Joseph Anderson was arrested because he became upset when the Easter egg he was painting was not to his liking. Joseph Anderson was seven years old on the date of this incident. Consequently, Joseph Anderson was PLACED IN HANDCUFFS and taken to Elmhurst Hospital Center. While being taken to the Hospital, Joseph Anderson was threatened with being stabbed with a needle if he did not shut up.

The handcuffs used on Plaintiff Joseph Anderson were metal handcuffs fastened behind his back which caused severe pain to the Plaintiff. On information and belief, after being handcuffed, the Plaintiff Joseph Anderson was walked through the school in front of his

classmates.

5. As a result of this unjustified, excessive and outrageous force on a defenseless child of only 7 years old, Plaintiff Joseph Anderson suffered severe physical and emotional and psychological injuries resulting from false arrest, illegal seizure, illegal search, malicious prosecution, excessive use of force, assault, battery, false imprisonment and deprivation of constitutional rights.

6. As a result of this unjustified attack the Plaintiff Joseph Anderson suffered severe humiliation, embarrassment and severe emotional distress.

7. At no time did the Plaintiff commit any offenses against the People and State of New York. At no time did the Plaintiff strike, attempt to strike or intend to strike defendant New York City police officers or other employees and Law Enforcement Agents of the Department of Education or New York City Police Department. At no time did the Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of Defendants.

8. As a direct and proximate result of the Defendant's actions, Plaintiff suffered and continues to suffer injuries, including but not limited to his body, some or all of which may be permanent.

9. As a direct and proximate result of defendant's actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

9. As a direct and proximate result of defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

10. Defendant City of New York as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, Law Enforcement Agents and other employees concerning the rights of citizens, thereby causing the Defendant officers and others in this case to engage in the unlawful conduct described above.

11. Defendant City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and law enforcement agents, including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct. Moreover, Defendant, City of New York has a history of police brutality and violation of individual rights and is or should be aware of the need to take such actions as are necessary to prevent a violation of individual rights from occurring.

12. Defendant, City of New York has with deliberate indifference failed to adequately sanction or discipline police officers and law enforcement agents including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of people by other police officers and law enforcement agents, thereby causing and encouraging the police including Defendants in this case, to engage in unlawful conduct.

13. The actions of Defendants, acting under color of State law, deprived Plaintiff Joseph Anderson of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be secure in his person and property, to be free from the excessive use of force and from false arrest, wrongful imprisonment, assault and battery, and to be free from Defendant's negligence, gross negligence and negligent hiring and supervision and to due process.

14. By these actions Defendants deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteen Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

15. Plaintiff hereby realleges paragraph one through fourteen of this complaint as though fully set forth herein.

16. The acts and conduct of the Defendants alleged in the above stated cause of action constitute assault and battery, false arrest, intentional infliction of emotional distress, outrageous conduct, loss of services, invasion of privacy, negligence, gross negligence and negligent hiring, retention and supervision under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said claims.

WHEREFORE PLAINTIFFS request the following relief:

a. Compensatory damages of $2,000,000 dollars.

b. Punitive damages of $4,000,000 dollars.

c. Reasonable Attorney fees and costs; and

d. Such other and further relief as to this Court appears reasonable and just.

ROBERT E. NICHOLSON

FREDERIC A. NICHOLSON

ATTORNEYS FOR PLAINTIFFS

DATED: SEPTEMBER 6, 2011

I, Jessica Anderson, natural guardian of plaintiff Joseph Anderson state on information and belief that the within complaint is true to the best of my knowledge.

_____
JESSICA ANDERSON

DATED: SEPTEMBER 7, 2011